## HAWKINS VS. DEAN.

The case of *Matlock vs. Purefoy*, 18 *Ark.*, 492, that the omission of the words " for value received," in describing the note, in the declaration, though contained in the note sued on, is not a variance for which the judgment will be reversed, approved.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

GALLAGHER & NEWTON, for appellant.

The words " for value received," were a material part of the note and should have been averred in the declaration, as descriptive of the contract. 10 *J. R.*, 418; *Lawes Assumpsit*, 78-9, 106; 6 *East.*, 567; and especially *Rossiter vs. Marsh*, 4 *Conn.*, 198.

The case of *Matlock vs. Purefoy*, 18 *Ark.*, 493, we respectfully submit, is erroneous. The question is not whether a promissory note imports a consideration, but whether, when the note states that it is given for " value received," those words are not a material part of it, and must be averred.

CLARK, WILLIAMS & MARTIN for appellee.

That the words " promise to pay " in a promissory note, import a consideration received, and that the declaration need not contain the words " value received," even where the note does, has been settled by this court, and is the universally received doctrine in all the courts. See *Matlock vs. Purefoy*, 18*th Ark.*, 492; *Story on Prom. Notes*, sec. 51.

Mr. Justice HARPER delivered the opinion of the court.

This was an action of assumpsit on a promissory note. Defendant below first plead, in abatement, a variance between the writ and declaration; to which the court sustained a demurrer.

Defendant then, on oyer, filed a demurrer to the declaration,

setting out, as causes : 1st. A variance between the note described in the declaration and that exhibited on oyer, in that the latter purports to be " for value received," whereas the former does not. 2d. That the second count in the declaration fails to show *when* the defendant was to pay the said supposed several sums of money, and the said supposed interest therein specified.    3d. That said declaration is in other respects informal and insufficient.

In this case, the only question seems to be, is the omission of the words, " for value received," in the declaration, which words are contained in the note, such an error as will justify a reversal.

It has been held by this court that an appellate court will not disturb or reverse a judgment authorized by law upon the whole record, for any irregularities or errors which do not affect the merits of the case.

In the case of *Matlock vs. Purefoy*, 18 *Ark.*, 492, referred to both by appellant and appellee, it is held that in declaring upon a promissory note it is sufficient to describe the note according to its legal effect ; and expressly declared that the words " for value received," though contained in the note, may be omitted in the declaration.

The correctness of this decision is questioned by appellant, and with various other authorities the case of *Rossiter vs. Marsh*, 4 *Conn. Rep.*, *page* 199, is referred to and relied upon.    In that case, which was decided many years ago in a distant state, it is as distinctly held, that the omission of said words in the declaration, when contained in the note, is fatal.

It appears to this court that the tendency of modern decisions is in harmony with the doctrine as held in the case of Matlock vs. Purefoy, and that there is no error in the proceedings and judgment below.

The judgment is affirmed.